LOCAL FORM 4                                                                                                          August 2010

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY/WILKESBORO DIVISIONS**

| | | |
|---|---|---|
| In re: | ) | Case No: |
| | ) | |
| Scott Christopher Greve | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| SSN xxx-xx-6368 | ) | |
|               Debtor (s) | ) | |

## DETAILS OF CHAPTER 13 PLAN FOR CASES FILED ON OR AFTER AUGUST 1, 2010

The following information supplements and details the specific provisions of the debtor(s) Plan, are incorporated therein, and should be read together with the attached Chapter 13 Plan.

### APPLICABLE MOTIONS

**Check the motions applicable to this Plan.**
(X) Motion to Value Liens Includes Valuation of Property Securing a claim
( ) Motion to Value Liens Includes Valuation of Property Securing a claim in an amount less that the amount of the claim
( ) Motion to Avoid Liens §522(f)
( ) Motion to Assume Executory Contract(s) and Unexpired Leases
( ) Motion to Reject Executory Contract(s) and Unexpired Leases
( ) No Motions applicable to this Plan

### PLAN PAYMENTS; ADMINISTRATIVE COSTS

1. 1. a. The base Plan proposes to pay $5,535.00 per month for 60 months (est. payout to unsecureds 32 %) **OR**

   b. The percentage plan proposes to pay $_____ per month for ___% payout to unsecureds.

   c. If applicable, the Plan will also be funded by _____

   d. The attorney for the debtor(s) has received $ -0- of the total base attorney fee of $3,250.00.

### CLASSIFICATION AND TREATMENT OF CLAIMS

**2. SECURED CLAIMS**

a. Treatment of Secured Claims:

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate |
|---|---|---|---|---|---|
| 1. Financial Pacific | Property of business | $23,733.00 | $ 23,733.00 | 910/365 | 5.25% |
| 2. ING Direct | 4 BR home | $615,000.00 | $515,000.00 | Conduit | 4.125% |
| 3. Palmetto Bank | 06 Ford | $ 26,225.00 | $ 15,000.00 | 910/365 | 5.25% |
| 4. Wells Fargo | 3 BR home | $115,000.00 | $120,000.00 | Direct Pay– Rental Property | |
| 5. SECU | 4 BR home | $615,000.00 | $ 80,000.00 | Direct Pay– HELOC | |

b. Pre-petition arrearages, if any, to be paid through the Chapter 13 Trustee:

| Creditor | Collateral | Pre-petition arrearage |
|---|---|---|

c. Monthly Conduit Payment

| Creditor | Monthly Conduit Payment |
|---|---|
| 1. ING Direct | $2,450.00 |

d. Insurance information for secured claims (real property or motor vehicles)

| Collateral | Insur. Agent & Address | Vehicle Mileage | VIN |
|---|---|---|---|
| 1. 4 BR home | CWS Insurance Agency Inc; PO Box 1988, Spartanburg SC 29304 | | |
| 2. 06 Ford | same | 130,000 miles | 1FTSW21P76EB12840 |

**3. Priority Claims**

  a. §507(a)(2-10) Priority Claims:
  i. [ ]    None
  **OR**
  ii.   The names and amounts of all claims entitled to priority under 11 U.S.C. §507, other than DSOs:

| Name | Claim Amount |
|---|---|
| 1. Internal Revenue Service | $5,700.00 |
| 2. Polk County Tax Office | $4,500.00 |

  b. Domestic Support Obligations ("DSOs")

  i. [x ]    None
  **OR**
  ii.   The name, address and phone number including area code of the holder of any DSO as defined in 11 USC §101(14A), and amount of pre-petition arrearage owed, if any.

| Name of holder | Address(incl. City, State, zip code) | Telephone | Amt. of pre-pet. Arrearage |
|---|---|---|---|

**4. Special Terms**

  a. [ ] None

  b. Special Treatment of Unsecured claims and explanation of treatment: **Speciality Wood Products– Paid in Full– so creditor will not file lien against customer's property**

  c. Brief comment explaining Direct Payment treatment for secured claims under Paragraph 3(a)(2):
  **Financial Pacific– paid in full to protect co-debtor; SECU– Direct Pay– HELOC; Wells Fargo– Direct Pay– rental property**

  d. [x ] Pay no interest on mortgage arrearage **OR** [ ] Pay interest on mortgage arrearage at ____%

  e. Other Special Terms:

**5. Plan Motions:**

    a.  §522(f) Personal Property and Household Goods Lien Avoidance:

| Creditor | Accnt # (last 4 digits) | Debt Amount | Description of Property |
|---|---|---|---|

    b.  §522(f) Judicial Lien Avoidance

| Creditor | Judgment Bk & Pg | Registry | Judgment Date | Judgment Lien Amt. |
|---|---|---|---|---|

Real property to which the lien attaches:
Value of Debtor(s) interest in this real property:    $
Amount of exemption claimed in the real property:    $

    c.  Assumption or Rejection of Executory Contracts and Unexpired Leases

| Creditor | Assume or Reject | Amt. of Arrears in Plan | No. of months to cure |
|---|---|---|---|

**[You may delete sections of this Plan Detail Form that are not applicable to the Debtor(s) Plan]**

LOCAL FORM 4                                                                                           August 1, 2010

**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE WESTERN DISTRICT OF NORTH CAROLINA  
SHELBY/WILKESBORO DIVISIONS**

| | | |
|---|---|---|
| In re: | ) | Case No: |
| | ) | |
| Scott Christopher Greve | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| SSN xxx-xx-6368 | ) | |
| Debtor (s) | ) | |

**CHAPTER 13 PLAN INCLUDING NOTICE OF MOTIONS (S) FOR VALUATION; MOTION(S) TO AVOID CERTAIN LIENS; MOTIONS FOR ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES. NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS SET FORTH IN THE PLAN,** *FOR CASES FILED ON OR AFTER AUGUST 1, 2010*

The following is the Chapter 13 plan proposed by the above-named debtor(s).  **THE DETAILS OF THIS PLAN ARE SET FORTH IN THE PLAN DETAILS (AND ANY AMENDMENT THERETO) ATTACHED TO THIS PLAN AND ARE INCORPORATED HEREIN.**  The plan may also include in its provisions certain motions to avoid liens, motions for valuation of collateral securing claims and motions to assume or reject executory contracts and unexpired leases.

**The Motions Applicable to this Plan are noted on Page 1 of the Plan Details**

TAKE NOTICE:  Your rights may be affected.  You should read the plan carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the proposed plan of the debtor (s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

Cases filed in the **Charlotte, Shelby or Wilkesboro** Divisions:  
Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, NC 28234-4189.

Cases filed in the **Asheville or Bryson City** Divisions:  
Clerk, U.S. Bankruptcy Court, Room #112, 100 Otis Street, Asheville, NC 28801.

Your objection to confirmation and request for hearing  must include the specific reasons for your objection, and must be filed with the Court no later than fourteen (14) days following the conclusion of the §341(a) meeting of creditors.  If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors.  If any objections to confirmation are filed with the Court, the objecting party will provide written notice of the date, time and location of the hearing on the objection.  No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed

plan of the debtor (s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions. **Any creditor's failure to object to confirmation of the proposed Plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. §1325(a)(5)(A).**

STANDING STAY MODIFICATION: The automatic stay provided in 11 U.S.C. §362(a) is modified in Chapter 13 cases as follows: Affected secured creditors may contact the debtor about the status of insurance coverage on property used as collateral. If there are direct payments to creditors, affected secured creditors may contact the debtor in writing about any payment in default; and shall send to the debtor statements, payment coupons or other correspondence that the creditor sends to its non-debtor customers. Such actions do not constitute violations of 11 U.S.C. §362(a).

## PLAN PAYMENTS; ADMINISTRATIVE COSTS; PROOFS OF CLAIM

1. **The proposed Plan payments are set forth in Paragraph 1 of the Plan Details.**

2. **Administrative Costs**

    a. Attorney's Fees. The total base attorney fee, and the amount the attorney has received are set forth in Paragraph 1(d) of the Plan Details. The remainder of the base fee shall be paid through the Plan by the Trustee on a pro rata basis with required monthly payments to allowed secured claimants.

    b. Trustee's Costs. The Trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum on each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation.

3. **Filing of Proofs of Claim**

    a. The trustee shall only distribute payments, including adequate protection and conduit mortgage payments, to creditors who have actually **filed** proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. §502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor(s) or the Trustee may file such a claim as provided for by 11 U.S.C. §501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

    b. The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court.

## CLASSIFICATION AND TREATMENT OF CLAIMS

4. **Secured Claims:** Other than conduit mortgage payments or secured claims that are to be paid directly by the Debtor(s), the trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection, as indicated in Paragraph 2(a) of the Plan Details, pursuant to the following treatment classifications:

    a. For purposes of the plan, the treatment of each claim is specified in Paragraph 2(a) of the Plan Details. Treatment shall be one of the following: (1) Mortgage payment through Chapter 13 Trustee: **"Conduit"**; (2) Direct payment by the debtor(s): **"Direct"** (if mortgage, only as authorized by the Court)

and include a brief comment in "Special Terms" of Plan Details as to why this treatment is proposed; (3) Payment in full by the Chapter 13 Trustee through the plan where §506(a) does not apply: **"910/365"**; (4) Payment of the value of the collateral by the Chapter 13 Trustee through the plan where §506(a) does apply: **"As valued"**; (5) Debtor(s) will surrender the collateral: **"Surrender"**; or (6) File proceeding to determine validity of lien: **"Avoidance"**.

    b.   For secured claims to be paid directly by the debtor(s) or secured claims paid through the Chapter 13 Trustee, the amount of pre-petition arrearages shown in Paragraph 2(b) of the Plan Details, if any, to be paid through the Chapter 13 Trustee:

    c.   Monthly Conduit Payment - details are shown in Paragraph 2(c) of the Plan Details.

If the treatment option for secured claims is "**Surrender**", the debtor(s) surrenders any interest in the collateral securing the claims of the specified creditors. Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor(s) stay, or to abrogate the debtor(s)' state law contract rights.

    d.   For claims secured by improved real property or motor vehicles, information regarding insurance, vehicle mileage, and vehicle identification number are shown in Paragraph 2(d) of the Plan Details.

**5. Priority Claims**     All claims entitled to priority under 11 U.S.C. §507 and §1322 shall be paid in full in deferred cash payments, except for priority claims under §507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

    a.   §507(a)(2-10) Priority Claims

All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims. Such priority claims, if any, are listed in Paragraph 3(e) of the Plan Details.

    b.   Section 507(a)(1) Domestic Support Obligations ("DSOs")

All post-petition DSOs, including post-petition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Special Terms" section of the plan. Domestic Support Obligations, if any, are listed on Paragraph 3(b) of the Plan Details.

DSO Pre-Petition Arrearages (as noted in Paragraph 3(b) of the Plan Details) owed to DSO Holders Under 11 U.S.C. §507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 plan on a pro-rata basis after payment of secured claims and the attorney fee and prior to payment of any non-DSO priority claim, unless a different treatment is proposed under the "Special Terms" section of the plan:

**6. General Unsecured Claims Not Separately Classified.**   General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

**7. Special Terms are noted in Paragraph 4 of the Plan Details.**
**8. Plan Motions** (see Paragraph 5 of the Plan Details)

### Motion to Value all Liens in Paragraph 2(a)

The debtor(s) hereby moves the Court to value the collateral of each of the creditors described in Paragraph 2(a) of the Plan Details  (except those creditors whose claims are classified as conduit or to be paid directly or to be paid in full by the Chapter 13 Trustee where §506(a) does not apply) at the collateral value stated.  To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general unsecured claim without priority.  The debtor(s) further moves the Court that the lien of each creditor listed hereinabove be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

### Motion to Avoid Non-Possessory, Non-Purchase Money Security Interests
### in Household Goods and Personal Items

The debtor(s) is indebted to certain designated creditors listed in Paragraph 2(a) of the Plan Details, in the amounts stated.  As security for the debt, each such creditor insisted upon, and the debtor(s) executed, a waiver of exemption of certain property, and a security agreement granting said creditors a non-possessory, non-purchase money security interest in household goods which is property delineated by 11 U.S.C. §522(f)(2) and which is held primarily for the personal, family or household use of the debtor(s) or a dependent of the debtor(s).  The debtor(s) believes that a financing statement may have been properly filed evidencing each such creditor's security interest and liens.

The debtor(s)' interest in any item of property referred to above does not exceed the value claimed as exempt.  The money borrowed from each such creditor does not represent any part of the purchase money of any of the items covered by each such creditor's security agreement.  The existence of each such creditor's lien on the debtor(s)' household goods and personal items impairs the exemptions to which the debtor(s) would be entitled under §1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.  The debtor(s) moves the Court for the cancellation and avoidance of the security interest of each such creditor in the debtor(s)' personal and household goods, effective upon discharge.

### Motion to Avoid Judicial Liens

Judgments were obtained by certain designated creditors listed in Paragraph 2(b) of the Plan Details in cases before the General Court of Justice of the State of North Carolina, and said judgments have been recorded in the Public Registry as indicated in Paragraph 5(b) of the Plan Details.

The judgments noted in Paragraph 5(b) of the Plan Details created liens on the real property in which the debtor(s) has an interest. The real property, its value, and the exemption claimed by the debtor(s) are more specifically described in Paragraph 5(b) of the Plan Details.

The aforesaid liens constitute judicial liens under 11 U.S.C. §522(f)(1). The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. §522 and the debtor(s) has claimed an exemption in the stated amount. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under §1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.

The debtor(s) respectfully moves the Court to issue an order compelling the above-stated creditors to cancel and avoid their judicial liens upon the real property described herein, effective upon discharge.

## Motion to Assume or Reject Executory Contracts and Unexpired Leases

    a.  The debtor(s) moves to assume or reject the executory contracts and unexpired leases as listed in Paragraph 5(c) of the Plan Details.  If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

    b.  Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over a period of months stated, with said payments to be made by the trustee.

## General Provisions

1.  To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim.  Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2.  Confirmation of this plan does not bar a party in interest from objecting to a claim for good cause shown.

3.  Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or one-hundred eighty (180) days if the property is real estate or manufactured housing) (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay.  For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay.  This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5.  Property of the estate includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.  All property of the debtor remains vested in the estate until completion of the plan.

6.  All arrearages paid under the provision of the plan will either accrue interest at the interest rate set forth in the plan under paragraph 4(d) of the Plan Details, or will accrue no interest if the plan so designates this treatment under the same paragraph.  "Administrative Arrearages" is defined as the total amount of two full post-petition mortgage payments, which for purposes of distribution will be created by the Bankruptcy Trustee or added to the pre-petition arrearage claim if it exists.

7.  Confirmation of the plan shall impose a duty on Real Property Creditors and/or servicers of such creditors, with respect to application of mortgage and mortgage-related payment to comply with the provisions of 11 U.S.C. §524(i), Local Rule 4001-1(e) and all Administrative Orders(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments and Conduit Mortgage Payments.  The terms and conditions of the respective Administrative Orders are specifically incorporated herein by this reference as if completely set forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage payment Rule.  As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

    A.  To apply all post-petition payments received from the Chapter 13 Trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

    B.  To apply all post-petition payments received from the Chapter 13 Trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for payment by the Court in the Order Confirming Plan;

    C.  To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage Plan only to post-petition payments unless otherwise ordered by the Court;

    D.  To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

    E.  To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been timely filed pursuant to the Administrative Orders of the Court and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 Trustee or the Debtor;

    F.  To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are added to the Plan, to apply only payments received from the Chapter 13 Trustee and designated in payment of such fees and charges to such fees and charges;

    G.  To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges.

8. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

I declare under penalty of perjury that the information provided in the Chapter 13 Plan, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated **5/31/2011**    /s/Scott Christopher Greve
                                Scott Christopher Greve Debtor's Signature


Dated **5/31/2011**    /s/
                                Debtor's Signature

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated **5/31/2011**    /s/ Stephen C. Moore
                                Stephen C. Moore, Attorney for the Debtor(s)